UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNIQUA KIRLEW, on behalf of
herself and those similarly situated,

        Plaintiff,

vs.

INTERNATIONAL CRUISE &
EXCURSION GALLERY, INC., a
Foreign Profit Corporation,

        Defendant.
_____/

CASE NO.:

## COLLECTIVE ACTION COMPLAINT

Plaintiff, UNIQUA KIRLEW, on behalf of herself and those similarly situated, sues the Defendant, INTERNATIONAL CRUISE & EXCURSION GALLERY, INC., a Foreign Profit Corporation (hereinafter "ICE"), and alleges:

1. Over the last three years, ICE has employed thousands of individuals, including Plaintiff, in offices located globally, for the purpose of selling cruise and vacation packages. In the Orlando office where Plaintiff works, ICE employs approximately 130 "Account Managers" at any given time who sell these cruise and vacation packages. Over the last three years, ICE has been engaged in a scheme to avoid paying overtime compensation to its Accounts Managers. For instance, Account Managers who are or were classified as non-exempt hourly employees under the Fair Labor Standards Act ("FLSA") were instructed/permitted to work off-the-clock. Additionally, some Account Managers are or were classified as exempt employees

1

under Section 7(i) of the FLSA but during some or all of their employment did not meet the applicable conditions to be exempt from overtime compensation. As a result, many of ICE's Account Managers have been denied overtime wages for their work performed in violation of the Fair Labor Standards Act.

2. Plaintiff was an employee of Defendant and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

3. Plaintiff has worked for ICE since around February 2018 in their office located at 8427 Southpark Circle, Orlando, Florida 32819.

4. Defendant, INTERNATIONAL CRUISE & EXCURSION GALLERY, INC., is a Foreign Limited Liability Company that does business in Orlando, Florida and is within the jurisdiction of this Court.

5. This Court is the proper venue for this action as the causes of action accrued in Orange County where Plaintiff and the putative collective members worked for Defendant.

6. ICE is a "leading provider of travel-based loyalty, rewards, and incentive programs." *See* https://www.iceenterprise.com/about-us/, attached as Ex. A.

7. ICE has over 2,900 employees who service ICE's 55 million customers worldwide. *See* https://www.iceenterprise.com/careers/, attached as Ex. B.

8. In their Orlando office, ICE employs approximately 130 Account Managers at any given time to sell their travel-based programs.

9. This action is brought under the FLSA to recover from ICE overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include two sub-classes: (1) each and every individual who worked for ICE in their Orlando office within the past three (3) years as a non-exempt Account Manager, and who worked more than forty (40) hours in any given week without receiving complete overtime compensation; and (2) each and every individual who worked for ICE in their Orlando office within the past three (3) years as an Account Manager, who worked more than forty (40) hours in any given week, and was classified as exempt from overtime compensation despite their regular rate of pay not exceeding one and one-half times the applicable minimum wage for every hour worked in a workweek in which overtime hours are owed and/or whose commissions do not constitute more than half of their total earnings in the proper representative period.

10. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

11. During Plaintiff's employment with ICE, Defendant earned more than $500,000.00 per year in gross sales.

12. During Plaintiff's employment with ICE, Defendant employed two or more employees that handled goods, materials and supplies which had travelled in interstate commerce.

13. Included in such goods, materials and supplies were computers, telephones, servers, vehicles, office equipment and furniture, as well as numerous

other goods, materials and supplies which had been carried in interstate commerce.

14. Defendant is considered an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

15. Additionally, Plaintiff and the putative class members are individually covered under the FLSA because as Account Managers (i.e. sales employees) for a global corporation who sell cruise and vacation packages to customers throughout the country and world, Plaintiff and the putative class members made/accepted telephone calls from/to out of state customers.

## FLSA VIOLATIONS

16. ICE Account Managers are paid an hourly rate plus commissions.

17. Some of ICE's Account Managers were classified as non-exempt while others were classified as exempt.

18. Defendant's decision to classify certain Account Managers as exempt and others as non-exempt was not done in a proper and uniform manner.

19. For those Account Managers ICE considers to be exempt from overtime compensation under the FLSA, it notifies the employee that they have been designated by ICE as an exempt employee and requires the employee to sign an "acknowledgement form."

20. For Account Managers designated as non-exempt, they are entitled to time and one-half their regular rate of pay for all hours worked over forty (40) in each week.

21. For Account Managers designated as exempt, they are entitled to time

and one-half their regular rate of pay for all hours worked forty (40) in each week if their regular rate of pay does/did not exceed one and one-half times the applicable minimum wage for every hour worked in a workweek in which overtime hours are owed and/or if their commissions did/do not constitute more than half of their total earnings in a representative period.

22. ICE's Account Managers, both exempt and non-exempt, frequently work more than forty (40) hours per week.

23. At all times relevant to this action, ICE failed to comply with the FLSA by requiring and/or permitting non-exempt Account Managers to work overtime hours "off-the-clock."

24. At all times relevant to this action, ICE failed to comply with the FLSA by misclassifying certain Account Managers as exempt under Section 7(i) of the FLSA despite the employee not meeting one or more conditions to qualify for the exemption.

25. Plaintiff and the putative class members were instructed and encouraged to work overtime hours to meet their rigorous sales goals. However, to avoid the appearance of overtime Defendant misclassified some Account Managers as exempt and told them they were not entitled to overtime and instructed non-exempt Account Managers to work "off-the-clock."

26. As hourly non-exempt employees, Plaintiff and the putative collective members are entitled to time and one-half their regular rate for all hours worked over forty (40) in each week for Defendant.

27. However, due to Defendant's policies and practices, Plaintiff and the

putative collective members routinely worked overtime hours without receiving overtime compensation.

28.   Upon information and belief, the records, to the extent any exist and are accurate, concerning the hours worked and amounts paid to Plaintiff and the putative collective members are in the possession and custody of Defendant.

29.   However, Defendant failed to keep appropriate records under the FLSA related to the total number of hours worked by Plaintiff and the collective in violation of 29 C.F.R. § 516.20.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

30.   Plaintiff reincorporates and readopts all allegations contained within Paragraphs one (1) through twenty-nine (29) above.

31.   Plaintiff and the putative collective members are/were entitled to be paid overtime compensation for their overtime hours worked.

32.   Plaintiff and the putative collective members routinely worked overtime hours to hit their rigorous sales goals set by Defendant.

33.   Other putative collective members, including those who are joining this case, worked similar overtime hours.

34.   Even though Plaintiff and the putative collective members routinely worked overtime hours, they were not paid proper and complete overtime compensation.

35.   During their employment with ICE, Plaintiff and the putative collective members were not paid proper and complete overtime compensation for all overtime

hours worked by them. *See supra.*

36. ICE knew or should have known its pay practices were in violation of the FLSA.

37. As a result of ICE's intentional, willful and unlawful acts in refusing to pay Plaintiff and the putative collective proper overtime compensation, Plaintiff and the putative collective members have suffered damages plus incurring reasonable attorneys' fees and costs.

38. As a result of ICE's willful or reckless violation of the FLSA, Plaintiff and the putative collective members are entitled to liquidated damages.

WHEREFORE, Plaintiff, UNIQUA KIRLEW, on behalf of herself and those similarly situated, demands judgment against ICE for unpaid overtime compensation, liquidated damages, prejudgment interest to the extent allowed by law, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 11th day of October, 2019.

> **/s/ C. Ryan Morgan**
> C. Ryan Morgan, Esq.
> Florida Bar. No 15527
> **/s/ Jolie N. Pavlos**
> Jolie N. Pavlos, Esq.
> Florida Bar. No 0125571
> Morgan & Morgan, P.A.
> 20 N. Orange Ave., 15th Floor
> Orlando, FL 32802-4979
> Telephone: (407) 420-1414
> Facsimile: (407) 245-3401
> E-mail: RMorgan@forthepeople.com
> JPavlos@forthepeople.com
> *Attorneys for Plaintiff and the Class*